## Commonwealth v. H. J. Heintz Company

*Philip S. Moyer*, Deputy Attorney General, and *William A. Schnader*, Attorney General, for Commonwealth.

*George M. Hosack* and *W. D. McBriar*, for appellant.

Fox, J., December 31, 1934.—We have before us an appeal from the decision of the Board of Finance and Revenue upon a petition for review of the action taken by the Department of Revenue upon a capital stock tax imposed by the Act of June 1, 1889, P. L. 420, as last amended April 25, 1929, P. L. 657, for the fiscal year ending April 30, 1930. In this review the said board determined that the appellant was liable to the Commonwealth in the sum of $21,725.01, of which the company has paid $19,732.28, leaving a balance in controversy of $1992.73, the appellant contending that it is not liable for any tax on 25,835 shares of stock issued.

The case was tried before the court without the intervention of a jury, pursuant to a stipulation filed under the Act of April 22, 1874, P. L. 109.

A stipulation of facts has been filed, which we adopt as our own findings of fact.

In support of the appeal, the appellant has filed two reasons, which are as follows:

"1. That on April 30, 1930, appellant had outstanding 274,165 shares held by its general stockholders, and in the hands of its treasurer 25,835 shares. The shares held by its treasurer were acquired by purchase. The book value of its outstanding shares of stock on April 30, 1930, totaled $37,541,757. It was error in the settlement of the tax of appellant to tax that proportion of the value of its capital stock which is represented by stock held by its treasurer under and by virtue of agreements with employes as set forth in the statement of facts.

"2. That the appellant has an actual liability payable to its employes totaling $3,791,286.25, and $726,610.38 as an asset the liquidation of which it cannot enforce. Under the facts in this case, whatever names the stock aforesaid may be called, appellant is not liable for payment of a tax on capital stock thereon."

*Question involved*

1. Is the defendant liable to the Commonwealth for a tax upon 25,835 shares of its capital stock issued under the terms of a certain agreement with its employes?

The agreement, pleadings and evidence, inter alia, disclose that the company agreed to sell and the employes agreed to purchase shares of stock of the company for a certain price per share ascertained in the method provided in paragraph 8 of said agreement, and by the first paragraph thereof the company agrees to place the name of the employe upon the private stock ledger kept by the treasurer of the company to whom the stock was transferred by the company and that the company should receive payment for the employe's interest in the said shares at a certain price to be ascertained as aforesaid, the said payment to be made to the company by crediting the employe with all cash dividends thereafter declared by the company upon such shares during the employment of the employe until certain prices should have been fully paid, after which all cash dividends should be paid to and retained by the employe; and by paragraph 3 any and all stock dividends upon said shares and any and all dividends of any character declared and payable otherwise than in cash should be placed in the name or to the credit of the employe upon the said private stock ledger so long as he should remain in the employ of the company; by paragraph 6, it is in substance provided that when the employment should cease in the several ways therein mentioned, the company for and during the period of the ensuing 3 months should have the option of extinguishing all of the employe's rights, interest, etc., therein, by paying the book value of said shares as provided in the agreement and if the company should exercise said option within or during the said period of 3 months it should give notice in writing to the employe, his executors or administrators of its said election and within 5 years after giving such notice, pay the employe, his executors or administrators in 5 equal instalments the book value of said shares as of the last day of the company's fiscal year next preceding the date when the employment shall have ceased, less the amount, if any, of the purchase price then unpaid together with interest.

The evidence discloses that the 25,835 shares of stock were issued by the company in the name of the treasurer of the company to be held by him in accordance with the terms and conditions of the agreement and that the book value of this stock in 1929 was $3,791,286; that there had been paid thereupon to the company, $3,064,675.87 as provided in the agreement, leaving a balance unpaid of $726,610.38. The company had parted with the stock and so far as the evidence discloses had not exercised the option to buy any, and the whole of it was still outstanding. The treasurer of the company in whose name it was issued

held it as trustee with power to vote it at elections, etc., but it was out of the company and we are of the opinion that the whole of the said 25,835 shares of stock issued was a liability of the company as well as all of the other shares of stock the latter had issued and had still outstanding which, properly including the stock issued as aforesaid, totaled $41,333,043 which is a liability; and the amount paid on said 25,835 shares, together with the amount due thereon, to wit, $726,610.38, or a total of $3,791,286, is a capital asset. There being no dispute as to the formula used by the Commonwealth, the tax as fixed by the Commonwealth is correct.

Wherefore we are of opinion that the appeal should be dismissed and judgment should be entered for the Commonwealth unless exceptions be filed within the time limited by law.

### Statement

| | |
|---|---:|
| Amount of tax | $21,725.01 |
| Payment on account | 19,732.28 |
| Balance due Commonwealth | $1,992.73 |
| Interest from November 1930, being 60 days after date of settlement | 484.24 |
| Attorney General's commission of 5% | 99.64 |
| Amount now due | $2,576.60 |

### Judgment

And now, December 31, 1934, the appeal is dismissed and judgment is hereby directed to be entered in favor of the Commonwealth and against the H. J. Heintz Company, for the sum of $2,576.60, unless exceptions be filed within the time limited by law.